UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HARLAN KEITH GALE,                                    Civil No. 13-2734 (SRN/TNL)

        Plaintiff,

    v.                                                      **REPORT AND RECOMMENDATION**

CASS COUNTY NINTH JUDICIAL
DISTRICT COURT,
BARBARA J. HARRINGTON, Cass County
Ninth Judicial District Prosecutor,
JEANINE BRAND, Cass County Ninth
Judicial District Prosecutor,
LEECH LAKE DEPARTMENT OF PUBLIC
SAFETY,
RENEE BENSON, Leech Lake Police
Officer Investigator,
AARON WHITE, Leech Lake Tribal Police
Officer, and
JOHN LITTLEWOLF, Leech Lake Tribal
Police Officer,

        Defendants.

      This case is before the undersigned United States Magistrate Judge on Plaintiff's

application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.

The matter has been referred to this Court for report and recommendation under 28 U.S.C.

§ 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that

Plaintiff's IFP application be denied and this action be dismissed without prejudice.

      Plaintiff commenced this action by filing a pro se complaint seeking relief for alleged

violations of his federal constitutional rights.  Plaintiff did not tender any filing fee with his

complaint, but instead applied for leave to proceed IFP.

The Court reviewed Plaintiff's initial submissions, including his complaint and IFP application, shortly after this action was commenced.  At that time, the Court determined that Plaintiff is a "prisoner," <u>see</u> 28 U.S.C. § 1915(h), and he is therefore subject to the requirements of the Prison Litigation Reform Act ("PLRA").  The Court also determined that Plaintiff's IFP application could not be granted because (a) it did not include the current certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (b) Plaintiff did not pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).  Both of Plaintiff's omissions were called to his attention by the Court's order dated November 25, 2013. (Docket No. 10.) That order gave Plaintiff 20 days to cure the two shortcomings of his request for IFP status by submitting both (a) a new IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1).  The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements in a timely manner.

Plaintiff subsequently filed a motion, (Docket No. 11), asking for an extension of the deadline for complying with the Court's order.  Plaintiff's motion for an extension was granted by a second order dated December 12, 2013.  (Docket No. 13.)  That second order reiterated the requirements set forth in the Court's initial order that Plaintiff must file a new and complete IFP application and pay his initial partial filing fee, and directed Plaintiff to satisfy those requirements by no later than January 15, 2014.  The second order also reiterated that the Court would recommend summary dismissal if Plaintiff failed to comply with the order in a timely manner.

The extended deadline for satisfying the requirements of the Court's two prior orders

2

has now expired.  To date, however, Plaintiff has not submitted either a new and complete IFP application or an initial partial filing fee.  Nor has he offered any excuse for his failure to do so.  Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior orders, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171, 2004 WL 2603590 (8th Cir. 2004) (unpublished opinion) (prisoner lawsuit can be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); accord Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's applications to proceed IFP (Docket Nos. 2 and 6) and his motion for appointment of counsel (Docket No. 3) be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's applications to proceed in forma pauperis (Docket Nos. 2 and 6) be **DENIED**;

2.  Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

3.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: February __6__, 2014

                                        _____s/ Tony N. Leung_____
                                        TONY N. LEUNG
                                        United States Magistrate Judge


                                        *Gale v. Cass County Ninth Judicial
                                        District Court et al.*
                                        File No. 13-cv-2734 (SRN/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **March 10, 2014**.

4